IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEITH MARTIN MACK,

                                                      ORDER

            Plaintiff,

                                                  10-cv-557-slc[1]

    v.

THE AMERICAN NATIONAL BANK OF BEAVER DAM,
SAGER & COLWIN LAW OFFICES,
EDWARD C. JACOBS, SAM KAUFMAN,
MARK A. HEUER, MELISSA L. HAESSLY,
HONORABLE WILLIAM D. JOHNSTON,
KIM GRAF, KARIN LASKA and DOES 1-25,[2]

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action for declaratory, monetary and injunctive relief, plaintiff Keith Martin Mack contends that defendants violated several federal and state laws by proceeding with a foreclosure action against plaintiff's property without proving their interest in the property. This case was transferred to this court from the Central District of California on September 28, 2010 and plaintiff filed a proposed amended complaint on October 18, 2010.

---

   [1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

   [2] Plaintiff names additional defendants in his proposed amended complaint. I have adjusted the caption accordingly.

1

Because plaintiff is proceeding under the in forma pauperis statute without prepayment of costs, I must screen his proposed amended complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

After reviewing plaintiff's proposed amended complaint, I conclude that his claims are barred completely by the Rooker-Feldman doctrine because he is asking the court to overturn decisions made by a state court. Also before the court is plaintiff's motion for a temporary restraining order, dkt. #5, in which he seeks an order staying a foreclosure sale by defendant American National Bank of Beaver Dam. That motion will be denied.

In his proposed amended complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff Keith Martin Mack owned property located at 26200 High Street, Village of New Diggings, Lafayette County, Wisconsin. Defendant American National Bank of Beaver Dam is a Wisconsin corporation with its principal place of business in Beaver Dam, Wisconsin. Defendant Edward Jacobs is the current chief executive officer of American National Bank, defendant Mark Heuer is the vice president and defendant Melissa Haessly is an employee. Defendant Sager & Colwin Law Offices is a Wisconsin corporation with its principal place of business in Fond du Lac, Wisconsin. Defendant Sam Kaufman is a lawyer working at Sager &

Colwin and defendants Kim Graf and Karin Laska are employees. Defendant Honorable William Johnston is a judge in Lafayette County, Wisconsin.

On March 2010, defendant Kaufman filed a foreclosure action on plaintiff's property on behalf of defendant American National Bank.  The bank filed two documents in support of the foreclosure action:  a mortgage document and a real estate note.  These documents were photocopies and were not the original mortgage documents that plaintiff had signed in conjunction with purchasing the property.  Plaintiff believes defendants destroyed the original documents and produced these copies fraudulently.

On April 20, 2010, plaintiff filed a "qualified written request" pursuant to the Real Estate Settlement Procedures Act, challenging defendant American National Bank's standing to bring the foreclosure action and asking it to prove it is a holder of a valid mortgage and note on the property. On September 23, 2010, Kaufman moved for default judgment on behalf of American National Bank and defendant Judge Johnston granted the motion.

DISCUSSION

Plaintiff contends that defendants have violated multiple federal and state laws by foreclosing on property in which they have no ownership interest.  In addition, plaintiff contends that defendant Judge Johnston violated a judicial canon of ethics by granting defendant American National Bank's motion for default judgment in the foreclosure action and refusing to acknowledge plaintiff's objections.

3

Unfortunately for plaintiff, this court cannot provide him the relief he requests because it is barred from doing so under the Rooker-Feldman doctrine. This doctrine prohibits federal courts other than the Supreme Court from exercising subject matter jurisdiction when the federal plaintiff alleges that his or her injury was caused by a state court judgment. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In addition, the Rooker-Feldman doctrine "precludes federal jurisdiction over claims 'inextricably intertwined' with a state court determination . . . even when those claims were never argued in the state court." Remer v. Burlington Area School District, 205 F.3d 990, 996 (7th Cir. 2000). In applying the Rooker-Feldman doctrine, the inquiry is whether the "federal plaintiff seeks to set aside a state court judgment or whether he [or she] is, in fact, presenting an independent claim." Taylor v. Federal National Mortgage Ass'n, 374 F.3d 529, 532 (7th Cir. 2004). "A plaintiff may not circumvent the effect of the Rooker- Feldman doctrine simply by casting [his or her] complaint in the form of a federal civil rights action." Remer, 205 F.3d at 997 (citations omitted). Claims that seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry. Taylor, 374 F.3d at 532.

In this case, all of plaintiff's allegations relate to injuries caused by defendant American National Bank's state-court foreclosure action and defendant Judge Johnston's entry of default judgment against plaintiff in that action. Specifically, plaintiff contends that the proposed defendants (1) committed perjury and fraud upon the court by claiming ownership interest in

4

the property through a false mortgage and lien document; (2) committed forgery by making false mortgage documents; (3) violated federal and state banking and securities law by claiming interest in property in which they had no interest; (4) conspired against plaintiff to deprive him of his property; and (5) violated plaintiff's right to due process and equal protection by refusing to allow him to present evidence during the state court proceedings. As relief, plaintiff asks that I declare the entire foreclosure action void for lack of standing, order defendants to prove that they have a mortgage or other security interest in the property at issue that would give them the right to foreclose on the property, provide plaintiff a record of all accounting documents related to the foreclosure matter, enjoin defendants from proceeding with a foreclosure sale of the property and grant plaintiff appropriate damages. In sum, plaintiff requests that I overturn the state court decisions in the foreclosure action.

    Plaintiff's allegations are nothing more than an attempt to relitigate the merits of the underlying state court foreclosure action. In addition, his motion for a temporary restraining order seeking to enjoin defendants from proceeding with a foreclosure sale is premised on the conclusion that the state court foreclosure action was invalid. Thus, plaintiff's claims, as well as the relief sought in his motion for a temporary restraining order, fall squarely within <u>Rooker-Feldman</u> and are claims that should have been raised during the state-court proceedings or on direct appeal. Because this court lacks jurisdiction to order relief that would directly overrule Judge Johnston's decisions in the matter, plaintiff's complaint must be dismissed.

5

ORDER

IT IS ORDERED that

1. Plaintiff Keith Mack's motion for a temporary restraining order, dkt. #5, is DENIED.

2. Plaintiff's complaint is DISMISSED for lack of jurisdiction. The clerk of court is directed to close the case.

Entered this 26th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6